DE SHENG ZHU, Petitioner,

v.

Eric H. HOLDER, Jr., United States Attorney General,* Respondent.

No. 08–0197–ag.

United States Court of Appeals, Second Circuit.

Aug. 27, 2009.

G. Victoria Calle, Esq., New York, NY, for Petitioner.

W. Daniel Shieh, Attorney, Susan K. Houser, Senior Litigation Counsel, Office of Immigration Litigation, for Gregory G. Katsas, Acting Assistant Attorney General, Civil Division, for Respondent.

PRESENT: GUIDO CALABRESI, B.D. PARKER and REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner De Sheng Zhu, a native and citizen of the People's Republic of China, seeks review of the December 13, 2007 order of the BIA affirming the February 22, 2006 decision of Immigration Judge ("IJ") Terry Bain denying his application for relief under the Convention Against Torture ("CAT"). *In re De Sheng Zhu,* No. A96 207 933 (B.I.A. Dec. 13, 2007), *aff'g* No. A96 207 933 (Immig. Ct. N.Y. City Feb. 22, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA affirms the IJ's decision in some respects but not others, we review the IJ's decision, minus those arguments for denying relief that were rejected by the BIA. *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). In addition, where the BIA does not adopt or defer to the IJ's findings on credibility, we may not rest our holding on the IJ's credibility findings. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). Here, the BIA declined to reach the IJ's finding that Zhu was not credible, but

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr. is automatically substituted as respondent in this case.

affirmed the IJ's conclusion that Zhu failed to meet his burden of proving that it was more likely than not that he would be tortured if he returned to China. Thus, we review the IJ's decision as supplemented and modified by the BIA, minus the IJ's finding that Zhu was not credible. *See Xue Hong Yang,* 426 F.3d at 522; *Yan Chen,* 417 F.3d at 271.

Zhu's CAT claim was premised on his allegations that: 1) a "bully" induced Zhu's father to sign a fraudulent contract; 2) Zhu filed a lawsuit against the bully; and 3) "gangsters" in league with the bully beat Zhu in retaliation for filing the lawsuit.

We conclude that the BIA did not err in determining that Zhu failed to satisfy his burden of proving a nexus between the gangsters' actions and the Chinese government. *See* 8 C.F.R. § 1208.18(a)(1). We cannot say that his testimony alone, even if credible, compels the conclusion that upon returning to China he would more likely than not be tortured "by or at the instigation of or with the consent and acquiescence of a public official or other person acting in an official capacity." *See* 8 U.S.C. § 1252(b)(4)(B) ("[A]dministrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude the contrary.")

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).